HENRY LOW, et al. v. TENNESSEE MINING & MFG. CO.

Eastern Section.  February 11, 1928.

L. H. Carlock, of Knoxville, and J. B. Burnett, of Clinton, for appellant.

Norman B. Morrell, of Knoxville, and J. H. Underwood, of Clinton, for appellee.

OWEN, J.  The complainants have appealed from a decree of the chancery court of Anderson county dismissing their bill.  The defendants have also filed the record for error.

The bill in this cause was filed April 11, 1924.  The complainants are certain heirs-at-law of one Joseph Low who died intestate in Anderson county about the year 1888.  It appears that said Joseph Low was married twice.  He left a widow, the defendant Hannah

Low, and two sets of children, thirteen or fourteen of whom are living, and several grandchildren who were children of deceased children of Joseph Low.

The bill sought to recover from the defendant Mining Company about 100 acres of land in Anderson county, which land is described in complainant's bill. The Mining Company had purchased the tract of land from Hannah Low, the widow of Joseph Low. Certain minor children of one Sam Low, a son of Joseph Low and Hannah Low, were made parties defendant, and the bill sought to recover a tract of land from these minors.

On March 1, 1887, Joseph Low executed a deed for 100 acres of land lying in Anderson county on the southeast side of New River in District No. 10, for a consideration of $100, which conveyance was made to Hannah Low. The tract of land was described by metes and bounds and was the same tract that Joseph Low had purchased on the 4th day of April, 1878 from one Layford Bunch. It was insisted that this deed from Joseph Low to Hannah Low was a forgery. It was further insisted that Hannah Low only had a homestead interest in said tract of land. The deed from Joseph Low to Hannah Low was witnessed by William M. Mabry and Sara A. Mabry. These witnesses acknowledged the execution of the deed before E. A. Reid, Notary Public for Anderson county, on the 15th day of February, 1890. The deed was received for registration in the Register's office of Anderson county, January 5, 1891, and recorded in Book "J," Vol. 2, at page 150 in said office. It was insisted that this acknowledgment was void and a nullity because the Notary Public could not take the acknowledgment of subscribing witnesses. It was alleged that the Tennessee Mining & Manufacturing Company had entered into the possession of said land described in the bill under a deed of conveyance from Hannah Low and that they were committing waste and damage. It was also alleged that Hannah Low had sold a part of the 100 acres which belonged to Joseph Low to one Duncan, and Duncan had conveyed the tract of land to Sam Low; that Sam Low had died leaving three minor children who were made defendants, and it was alleged that these minor defendants were in the wrongful possession of said land. The bill prayed for the appointment of a guardian ad litem to represent the minors; for possession of the 100 acres; for an accounting for damages, etc.

The Mining Company denied the material allegations of the complainant's bill and pled the statute of limitations. It also pled that it was an innocent purchaser without notice, for a valuable consideration, and adverse, open and notorious possession for seven years, and for twenty years, and for thirty years. Hannah Low made the same defense as the Mining Company. The guardian ad litem for the minors filed a formal answer.

Numerous depositions were taken; numerous exhibits consisting of deeds, tax receipts, etc., were filed. The defendants also relied upon chapter 90, Public Acts 1923, as a defense to complainant's bill.

The Chancellor held:

"1st. That the defendant, Hannah Low, acquired title in fee to the land described in the deed from her husband, Joseph Low to her dated the 1st day of March, 1887, and recorded in the Register's office of Anderson county, Tennessee, January 5, 1891, in Deed Book 'J,' Vol. 2, page 150, by adverse possession under said registered deed purporting to convey the fee and that the title thus acquired is now vested in her, namely:

"That the defendant, Tennessee Mining & Manufacturing Company under its deed from said Hannah Low dated the 11th day of July, 1923, and recorded in the Register's office of Anderson county, Tennessee, September 21, 1923, in Deed Book 'P,' Vol. 3, page 176, for the land described therein and that by reason thereof the defendant, Moore Coal Company is rightfully in possession as the tenant and lessee of the Tennessee Mining and Manufacturing Company.

"2nd. That the defendants, the widow and heirs-at-law of Samuel Low, deceased, derived title from Thomas E. Duncan under his deed from said Hannah Low under date of July 4, 1891, and recorded in the Register's office of Anderson county, July 6, 1891, in Deed Book 'J,' Vol. 2, page 525, for the land therein described and that by reason of said deed Thomas E. Duncan acquired title in fee to said land from Hannah Low and that under said deed and by subsequent conveying, the title thus acquired is now vested in the widow and heirs-at-law of said Samuel Low, deceased.

"3rd. It was further adjudged that complainant's bill should be, and the same was dismissed, and complainants and their surety are taxed with the costs."

In response to the request of the defendant Mining & Manufacturing Company the court further found that the deed from Joseph Low to Hannah Low under date of March 1, 1887, was never delivered to Hannah Low by Joseph Low, but the deed was delivered to Hannah Low by John Low after the death of Joseph Low.

The complainants excepted to the decree, prayed and perfected an appeal to this court and have assigned seven errors, which errors raise the following propositions: (1) The Chancellor erred in holding that the defendant Hannah Low acquired title in fee to the land described in the deed from the husband Joseph Low to her dated March 1, 1887; (2) The Chancellor erred in holding that the Tennessee Mining & Manufacturing Company under deed from Hannah Low, dated July 11, 1923, acquired title to the land and that the defendant was lawfully in possession of said premises; (3) The Chancellor erred in holding that Thomas E. Duncan acquired any title to the land described in the deed from him to Hannah Low of July 6,

1891; (4)   That it was error for the court to hold that the heirs of Samuel Low had any title by virtue of the deed from Thomas E. Duncan to Samuel Low. The other assignments raise the proposition that it was error to hold that Hannah Low had been in the open, notorious, adverse, peaceable and continuous occupation and possession of said land under any deed for more than seven years; for more than twenty years, and for more than thirty years; and in holding that said deed was a registered deed or that it was properly authenticated for registration.

The defendants have assigned as error the action of the Chancellor in refusing to find that the deed was delivered to Hannah Low by her husband, Joseph Low.

The land in question lies on the top of Pisgah Mountain, overlooking the source of New River. When Joseph Low bought the tract of land in controversy from Layford Bunch in 1878 it was worth about $1 per acre. It is only in recent years that coal has been discovered on this tract of land and it is now very valuable. Hannah Low sold about seventy acres to the defendant Mining Company for $10,000 cash. Joseph Low and his wife Hannah Low with their hands cut some trees, hewed some logs and built a one-room house on the top of this mountain. They planted some fruit trees which appear to have borne abundantly. Joseph Low had been married before he married Hannah Low.. We presume that either he or his first wife procured a divorce. The record on this question is indefinite. He had six or seven children by his first wife, but he had stated repeatedly that he did not want his first wife or any of her children to inherit any of his property. The first wife and her family lived on what the witnesses call ''Smokey''—one of the mountains somewhere in the vicinity of the land in controversy.

The deed from Joseph Low to Hannah Low was drawn by William Mabry, a Justice of the Peace and a man who drew deeds for a number of mountain people in his district. When the deed was drawn and signed by Joseph Low and witnessed by William Mabry and his wife Sara Mabry it appears that it was drawn in the home of William Mabry some miles from where Joseph and Hannah Low lived. Mabry and his wife had a daughter named Sara Ellen who was present when this deed was executed. Her deposition was taken in the instant case. She was forty-six years of age at the time she gave her deposition and she related the circumstances attending the execution of the deed and the witnessing of the same by her father and her mother. William Mabry died prior to the institution of this suit. The day that the deed was executed Joseph Low and his wife Hannah Low took said deed to John Low, an uncle of Joseph Low and a man younger in years than Joseph Low, and told John Low to keep the deed, and John Low took said deed and kept it

among his deeds and valuable papers. John Low testified that Joseph Low said that he would take the deed sometime in the future to Clinton, the county site of Anderson county, and acknowledge it before the clerk. After the death of Joseph Low, Hannah Low called for the deed and John Low readily and promptly gave said deed to her.

Mabry, one of the witnesses and the Justice of the Peace, advised Hannah Low that he (Mabry) and Mrs. Sarah Mabry, the witnesses, could acknowledge the deed and that would make it binding. It appears that the deed from Bunch to Joseph Low was witnessed by two witnesses and these witnesses acknowledged the same before the county court clerk of Anderson county. Hannah Low claimed the land as hers from the time that her husband made the deed. It appears that this same tract of land was assessed to Joseph Low in 1887 and 1888, but beginning with the year 1889, it was assessed to Hannah Low and assessed to her every year thereafter, including the year 1923.

Hannah Low's conduct in selling a part of this land to Duncan on July 4, 1891 shows that she was claiming the same adversely.

None of the complainants testified.

Hannah Low gave her deposition, and we are of opinion that, from the facts, Hannah Low held the land in controversy adversely from the date of the execution of the deed of Joseph Low, and especially from the date of filing of her deed for registration in the Register's office of Anderson county. We find no evidence to support the theory that the deed from Joseph Low to Hannah Low was a forgery. On the question of the certificate to the deed, section 3761 of Shannon's Code, provides: "Whenever a deed has been registered twenty years or more, the same shall be presumed to have been upon lawful authority, and the probate shall be good, though the certificate has not been transferred to the Register's book, without regard to the form of the certificate.

"Sec. 3762: Where a deed has been registered more than thirty years, but the Register has failed to register the name of the grantor or bargainor, it shall be presumed that the name of the grantor or bargainor was subscribed to the deed, and the registration shall be good; and in proving the time when a deed has been registered, the date upon the books may be referred to, or the Register may certify the fact as it appears upon his book, or the age or time of registration may be established by parol testimony."

A deed of conveyance of land registered for more than twenty years is valid and admissible in evidence, though the probate taken before a Justice of the Peace of another State is unauthorized, null and void. Kobbe v. Land Co., 117 Tenn., page 315.

In the Kobbe case, supra, the Supreme Court, speaking through Mr. Justice Neil, said: "We are not to be understood, of course, as holding that the probate taken before the New York Justice of the Peace added anything to the instrument but, the deed having been registered twenty years in the county where the land lay, it would be admissible in evidence regardless of the defective probate."

In Hitt v. Coal Co., 124 Tenn., page 334, it was held that, where a deed of conveyance of land has been registered for twenty years upon a defective certificate of acknowledgment or probate it becomes good; that is, a good registration. A deed of conveyance of land is good between the parties and is binding on the grantor and his heirs and representatives, notwithstanding its registration on a defective certificate of acknowledgment or probate. In so holding in Hitt v. Coal Co., supra, the Supreme Court cited and approved Mathewson v. Spencer, 3 Sneed, 573; 4 Sneed, 383; Green v. Goddall, 1 Cold., 404, 415; Murdock v. Leath, 10 Heisk., 173; Anderson v. Bewley, 11 Heisk., 29, 31; Stephenson v. Walker, 8 Baxt., 289; Stroud v. McDaniel, 12 Lea, 619, 620; Kobbe v. Land Co., supra.

We therefore hold that the deed of conveyance between Joseph Low and his wife Hannah Low is binding on Joseph Low and his heirs and representatives notwithstanding the defective certificate of acknowledgment, said deed being recorded in the county in which the land in controversy lies, and more than thirty years prior to the filing of complainants' bill; and that Hannah Low and her grantee Thomas E. Duncan took a portion of said land conveyed by Joseph Low and which was conveyed by Thomas E. Duncan to Samuel Low, having been in the open, notorious, adverse, peaceable and continuous occupation and possession of said land described in complainants' bill under the said deed from Joseph Low to his wife Hannah Low for more than seven years and for more than twenty years prior to the filing of complainants' bill.

We further find that the defendant Tennessee Mining & Manufacturing Company purchased about seventy acres of land of the 100-acre tract conveyed by Joseph Low to Hannah Low for a valuable consideration then and there paid, and then and there took from said Hannah Low a deed purporting to convey said land in fee under covenants of general warranty and which deed was registered in the Register's office of Anderson county, September 21, 1923; and that at and before the taking of said deed and the payment of said valuable consideration the defendant Tennessee Mining & Manufacturing Company had no notice of the alleged title or claim of complainants as set up in their bill; that in taking said deed from Hannah Low said defendant Tennessee Mining & Manufacturing Company acted in good faith without notice of complainants' alleged claims and without any intention to injure or defraud complainants.

It results that the assignments of error of the complainants are overruled and disallowed. There is no error in the decree of the Chancellor dismissing complainants' bill.

As to the defendants' assignment of error on the question of delivery of the deed from Joseph Low to Hannah Low, this question becomes immaterial as we view the record, and the same is overruled and disallowed.

The judgment of the lower court is affirmed. The defendants will recover of the complainants three-fourths of the cost of the appeal, for which execution will issue against the complainants, it appearing that no appeal bond was executed. The costs below will be paid as adjudged by the Chancellor. One-fourth of the cost of appeal will be paid by defendants and their surety on writ of error bond, for which execution will issue.

Heiskell and Senter, JJ., concur.